NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013[*]
Decided February 8, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3049

| | |
|---|---|
| SHAWNETTA T. GRAHAM, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 7191 |
| STATE OF ILLINOIS DEPARTMENT OF JUVENILE JUSTICE, et al., | Milton I. Shadur, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Shawnetta Graham, a library aide for a state juvenile detention facility, appeals the dismissal of her complaint alleging violations of the First and Fourteenth Amendments and retaliation in violation of the Americans with Disabilities Act, *see* 42 U.S.C. § 12203(a), and Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-3. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Graham's third amended complaint—filed after the district court struck her first three complaints for violating Federal Rule of Civil Procedure 8(a)(2)—alleged that she suffered "unnecessary discipline" in retaliation for filing four years earlier a lawsuit alleging disability and national-origin discrimination. *See Graham v. Illinois,* No. 1:07-cv-07078 (N.D. Ill. June 3, 2009). According to Graham, retaliatory acts included ordering her to throw out library books, which she calls her "work tools." Graham also alleged violations of her First Amendment rights when she was orally reprimanded for telling someone to "shut up," and when she received a one-day suspension for defying the principal's orders to move certain books. Graham further alleged due process violations in connection with the employee-review hearing that led to the one-day suspension.

The district court dismissed the complaint. The court concluded that the complaint failed to state a claim of retaliation under the ADA or Title VII because Graham had alleged neither an adverse employment action nor any action motivated by her 2007 lawsuit. The court also dismissed Graham's First and Fourteenth Amendment claims because the department—a state agency—was not a suable "person" under 42 U.S.C. § 1983 and was otherwise entitled to Eleventh Amendment immunity. *See Will v. Dep't of State Police,* 491 U.S. 58, 70–71 (1989); *Thomas v. Illinois,* 697 F.3d 612, 613–14 (7th Cir. 2012).

On appeal Graham first challenges the dismissal of her retaliation claims, arguing that she alleged at least two adverse employment actions, including the one-day suspension and being ordered to downsize the book collection. But, even if we assume that these actions were materially adverse, Graham does not assert that the department undertook them *because* she filed the 2007 lawsuit. *See Porter v. City of Chicago,* 700 F.3d 944, 956 (7th Cir. 2012); *Casna v. City of Loves Park,* 574 F.3d 420, 426 (7th Cir. 2009). She instead attributes the suspension to insubordination and the downsizing-the-book-collection order to a scheduled renovation.

Graham also argues that the court mistakenly dismissed her First and Fourteenth Amendment claims based on sovereign immunity because, she says, the doctrine of *Ex parte Young,* 209 U.S. 123 (1908), permits suits against agency employees sued in their official capacities. But that doctrine permits official-capacity suits only if the complaint alleges an ongoing violation of federal law. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (citations and quotations omitted). Graham alleges no ongoing violations.

We have reviewed the rest of Graham's contentions, and none has merit.

AFFIRMED.